1  GREGORY A. BROWER
United States Attorney
2  ROGER W. WENTHE
Assistant United States Attorney
3  Nevada Bar No. 8920
333 Las Vegas Blvd. So., #5000
4  Las Vegas, Nevada   89101
Ph: (702) 388-6336
5  Fax: (702) 388-6787

6  Attorneys for the United States.

7              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
8
9  UNITED STATES OF AMERICA,           )
                                        )
10                     Plaintiff,        )
                                        )
11  v.                                  )  Case No.
                                        )
12  MILLER MEDICAL GROUP, CHTD.,        )
                                        )
13                     Defendant.        )
   _____  )

14

15                        **COMPLAINT**

16        Plaintiff, the United States of America, for its Complaint against Defendant Miller

17  Medical Group, Chtd. (MMG), alleges as follows:

18                **JURISDICTION AND VENUE**

19        1.        This action arises under the False Claims Act (FCA), as amended, 31 U.S.C.

20  §3729 *et seq.*, and the common law.  The Court has subject-matter jurisdiction over this matter

21  pursuant to 31 U.S.C. §3730 and 28 U.S.C. §1345.

22        2.        The Court has personal jurisdiction over the defendant because it

23  regularly conducts business in the State of Nevada and in the United States of America.

24        3.        Venue is proper in this district under 28 U.S.C. §1391(b) and (c), because

25  defendant can be found, resides, or transacts business within this district and the acts proscribed

26  by the FCA and the common law occurred within this district.

**PARTIES**

4.     Plaintiff, the United States of America (United States) is acting on behalf of the Department of Health and Human Services (HHS).  HHS is an agency and instrumentality of the United States, and its activities, operations, and contracts are paid from federal funds.  At all times material to this action, HHS contracted with insurance carriers to act as its agents in administering Part B of the Medicare program within the State of Nevada.  The United States is also acting on behalf of the Office of Personnel Management (OPM), an agency within the Department of the Treasury.  At all times material to this action, OPM contracted with insurance carriers to administer Federal Employee Health Benefit (FEHB) programs.

5.     Defendant MMG is a Nevada corporation which does business under the name Internal Medicine Associates. MMG is engaged in the business, among others, of providing health care and laboratory services to individual patients.

**OPERATION OF THE MEDICARE PROGRAM**

6.     Title XVIII of the Social Security Act, 42 U.S.C. §1395 *et seq.*, establishes the Health Insurance for the Aged and Disabled program, popularly known as Medicare.

7.     Medicare is comprised of two principal parts.  Part A of Medicare, which is not involved in this matter, provides hospitalization insurance for eligible individuals.  42 U.S.C. §§ 1395c - 1395i.  Part B of Medicare is a voluntary subscription program of supplementary medical insurance covering items and services other than hospitalization, such as charges for medical care in physicians' offices.  The Part B program covers only those services and procedures which have been determined to be medically reasonable and necessary. 42 U.S.C. 1395y(a)(1)(A).  The Part B program requires beneficiaries to bear some of the cost of their care to prevent overutilization, and, accordingly, Part B generally covers 80% of the reasonable charges as established by a physician fee schedule, with the patient responsible for the remaining 20%.  42 U.S.C. § 1395l(a)(1).

8.     During the relevant time period, physicians and other health care providers who

provided services to Medicare Part B  beneficiaries presented a claim for reimbursement to the United States by presenting the claim to the appropriate Medicare carrier, which acted as the agent of the Secretary of HHS. The claim was presented using Form HCFA 1500, either by mail or electronically. The claim was paid by the Medicare carrier directly from the United States Treasury. Each HCFA 1500 detailed the provider's identifying information, the date and type of service, procedure, or supplies provided, the diagnosis of the patient, and the amount of reimbursement sought.  Providers who submitted claims using Form HCFA 1500 or its electronic equivalent affirmatively certified that the services described were actually performed by the submitting provider and were medically indicated and necessary.

9.    Regulations adopted by the Centers for Medicare and Medicaid Services (CMS), a department of HHS, require that the description of a provider's services and procedures must be entered onto Form HCFA 1500 or its electronic equivalent by using procedure codes published by the American Medical Association, known as the Physicians' Current Procedural Terminology (CPT).

10.    At all times material to this action, laboratories which performed blood analysis services requested by a referring physician were permitted by Medicare regulations to bill for and receive  payment for those services in an amount set by the Medicare physician fee schedule. To obtain payment, the laboratory was permitted to present a claim to the Medicare carrier for the analysis using certain CPT Codes, as appropriate, depending on the type of blood analysis performed.

## OPERATION OF THE FEHB PROGRAM

11.    The Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901 - 8913, establishes a comprehensive program to provide federal employees and retirees with subsidized health care benefits, known as the Federal Employee Health Benefit (FEHB) program.

12.    The United States Office of Personnel Management (OPM) administers the FEHB program by contracting with various private health insurance carriers to develop health care

1    plans with varying coverages and costs.  OPM collects federal employees' premiums and makes

2    payment to FEHB contractors through the Federal Employee Health Benefits Fund, a part of the

3    United States Treasury.  5 U.S.C. § 8909.

4        13.    Health care providers who seek reimbursement from FEHB program health care

5    plans typically utilize form HCFA 1500, using the CPT procedure codes described above.

6    Providers who submit claims to FEHB program health care plans using Form HCFA 1500

7    affirmatively certify that the services described were actually performed by the submitting

8    provider and were medically indicated and necessary.

9        14.    Medicare and the FEHB program are collectively referred to herein as the federal

10   health care benefit programs.

11

12                              **FACTUAL ALLEGATIONS**

13       15.    During the period from January 1, 2003, through December 31, 2006, defendant

14   performed  services for federal health care beneficiaries but prepared or caused to be prepared

15   materially false or fraudulent records or statements, and presented or caused to be presented to

16   the United States materially false or fraudulent claims for reimbursement, as described in the

17   following paragraphs.

18       16.    During the relevant time period, a "lipid panel" analysis was a laboratory analysis

19   of a sample of a patient's blood. The CPT code number applicable to a lipid panel was 80061.  In

20   order to submit a claim using CPT Code 80061 to Medicare for performing a lipid panel, the test

21   had to be medically reasonable and necessary, and the laboratory was required to measure the

22   patient's total serum cholesterol, high-density lipoprotein (HDL) level , and triglyceride level.

23   The patient's low-density lipoprotein level (LDL) could also be calculated from the triglyceride

24   level with reasonable accuracy in most cases by using a mathematical formula.

25       17.     During the relevant time period, a patient's LDL could be directly measured by

26   use of a separate analysis, when necessary. The CPT Code for a direct LDL analysis was 83721.

1    Medicare and FEHB policy provided that a directly measured LDL would not be appropriate,

2    and therefore payment would be denied, if the direct LDL analysis was performed on the same

3    day for a patient who had received a lipid panel test, unless the patient's triglyceride level was

4    too high to permit reasonably accurate calculation of the LDL level. The generally accepted

5    triglyceride level which was considered to high to permit reasonably accurate calculation of the

6    LDL level was 400 mg/dL.

7        18.     In or about January 2003, MMG adopted a policy for its laboratory under which

8    each patient who was prescribed a lipid panel analysis by his or her physician would

9    automatically receive both a lipid panel analysis and a directly measured LDL analysis,

10   regardless of the patient's level of triglycerides.  MMG then submitted a claim to the patient's

11   insurers, including Medicare and FEHB, using both CPT Codes 80061 and 83721.

12       19.     Defendant prepared or caused to be prepared materially false or fraudulent

13   records and statements and presented or caused to be presented materially false or fraudulent

14   claims to the United States using CPT Code 83721, even though defendant knew or had reason

15   to know that a directly measured LDL analysis was not medically appropriate under the

16   circumstances.

17       20.     Based on the express materially false or fraudulent certifications made by or on

18   behalf of defendant on HCFA 1500 forms it caused to be presented, or their equivalent, and

19   where applicable based also on the material false or fraudulent records and statements it prepared

20   or caused to be prepared, the United States paid reimbursements to defendant from the United

21   States Treasury based on claims using CPT Code 83721 which would not have been paid had

22   defendant provided truthful information.

23

24                            **FIRST CLAIM FOR RELIEF**

25                                **False Claims Act**

26       21.     The United States adopts and incorporates by reference the allegations of

                                           5

paragraphs 1 through 20 above as though set forth fully herein.

22. During the period from January 1, 2003, through December 31, 2006, Defendant violated the False Claims Act, 31 U.S.C. §3129(a)(1) and (a)(2), over 15,000 times, by knowingly presenting or causing to be presented materially false or fraudulent claims to the Government for payment for directly measured LDL analyses (the False Claims), and knowingly making and using, or causing to be made and used, materially false or fraudulent records or statements to get the False Claims paid (the False Records or Statements),

23. The False Claims were materially false or fraudulent because defendant either with actual knowledge of the falsity, or in deliberate ignorance of the falsity, or in reckless disregard of the falsity, certified or caused to be certified on Form HCFA 1500 or its equivalent that the services described were medically appropriate, when the defendant either actually knew, or acted in deliberate ignorance of the fact, or acted in reckless disregard of the fact, that the services described were not medically appropriate.

24. The False Records or Statements were materially false because defendant either knowingly falsely, or in deliberate ignorance of the truth, or in reckless disregard of the truth, recorded or stated that the services described were medically appropriate, when the defendant either actually knew, or acted in deliberate ignorance of the fact, or acted in reckless disregard of the fact, that the services described were not medically appropriate.

25. Defendant intended the False Claims and the False Records or Statements to be material and to be relied upon, and they were essential to defendant's fraudulent scheme, because the False Claims and the False Records or Statements were necessary to support the payment or approval of the False Claims by the Government.

26. The United States was damaged by defendant's actions because payments were made to defendant from the United States Treasury by the United States on the basis of the False Claims or the False Records or Statements that would not have been made in the absence of defendant's False Claims or the False Records or Statements.

**SECOND CLAIM FOR RELIEF**

**Unjust Enrichment**

27.     The United States adopts and incorporates by reference the allegations of paragraphs 1 through 26 above as though set forth fully herein.

28.     During the period from January 1, 2003 through December 31, 2006, the United States conferred a benefit upon MMG by paying reimbursement to MMG for the False Claims.

29.     MMG was thereby unjustly enriched, because it appreciated, accepted and retained the benefit conferred upon it by the United States under circumstances in which it would be inequitable for MMG to retain that benefit.

30.     The last transaction, last item charged, or last credit given in relation to the False Claims occurred less than four years prior to the date of filing of this Complaint.

**THIRD CLAIM FOR RELIEF**

**Payment by Mistake**

31.     The United States adopts and incorporates by reference the allegations of paragraphs 1 through 30 above as though set forth fully herein.

32.     The United States made payments to MMG under the mistaken belief that MMG was entitled to those payments, which was material to the decision to pay.

33.     MMG received the payments which were made by the United States under mistake, and MMG is under a duty to return those payments to the United States.

**JURY DEMAND**

The Government demands a trial by jury on all issues in this case.

///

///

///

1    WHEREFORE the United States requests the Court to enter judgment in its favor and

2   against defendant and to order the following relief:

3        1.  Triple the amount of the United States' proven damages under the False Claims Act;

4        2.  Civil penalties as required by the False Claims Act;

5        3. Restitution under the common-law theories of unjust enrichment and payment by

6   mistake;

7        4.  The costs of this action; and

8        5.  Such further relief as the Court deems just and proper.

9

10   Respectfully submitted this 16th day of March, 2009.

11

12                              GREGORY A. BROWER
                               United States Attorney
13

14                         By    /s/
15                              ROGER W. WENTHE
                               Assistant United States Attorney
16

17

18

19

20

21

22

23

24

25

26